**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                    Case No.  6:01-cr-27-Orl-31DAB

**RANDALL L. ATWELL**
_____

**ORDER**

On August 4, 2008, the Court entered its Order re-sentencing the Defendant pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 124).  Notwithstanding the reduction in Defendant's sentence, Defendant filed a Motion to Reconsider ("Motion") (Doc. 125), in which he challenges the constitutionality of U.S.S.G. § 1B1.10 as an improper delegation of power.  For the following reasons, the Defendant's Motion is **DENIED**.

**I. Background**

On May 31, 2001, the Defendant, Randall Atwell ("Atwell"), was found guilty of one count of possession with the intent to distribute and distribution of more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841. (Doc. 44). On July 25, 2001, this Court sentenced Atwell to life imprisonment (Doc. 51).  However, that sentence was later vacated (Doc. 77), and Atwell was re-sentenced to 210 months incarceration, followed by 60 months of supervised release (Doc. 100).

On August 4, 2008, the Court re-sentenced Atwell again, further reducing his sentence from 210 months of incarceration to 168 months of incarceration, in light of Amendments 706 and 711 to

the United States Sentencing Guidelines (the "Guidelines") (Doc. 124). While Atwell contended that *United States v. Booker*, 543 U.S. 220 (2005), should be extended to re-sentencing proceedings, so as to render U.S.S.G. § 1B1.10 discretionary, rather than mandatory, the Court specifically rejected that argument. *Id*. Adopting the reasoning of Judge Steele in *United States v. Speights*, 2008 U.S. Dist. LEXIS 10356 (S.D. Ala. June 23, 2008), the Court concluded that *Booker* did not apply to § 3582 re-sentencings inasmuch as the Sixth Amendment concerns present in *Booker* simply were not implicated in re-sentencings. *Id*.

In the instant Motion, Atwell now argues that § 3582(c)(2), when applied in conjunction with U.S.S.G. § 1B1.10, constitutes an unconstitutional delegation of power to the United States Sentencing Commission (the "Commission"). Specifically, Atwell contends that the Commission has exceeded its authority in promulgating § 1B1.10(b)(2)(A),[1] which limits the discretion of Article III courts to reduce a crack sentence by no more than two guideline levels. While Atwell also appears to ask this Court to reconsider its analysis of *Booker* as applied to re-sentencings, the Court confines its present decision to Atwell's improper delegation argument and affirms its adoption of *Speights*.

---

[1] The Court notes that § 1B1.10(b)(2)(A) is a policy statement rather than a guideline. While Defendant has suggested that this policy statement did "not have to be submitted to Congress before becoming effective" but is nevertheless "binding law" (Doc. 125 at 3-4), Defendant has not raised any challenge as to the administrative process used to enact § 1B1.10(b)(2)(A). Accordingly, the Court has assumed that § 1B1.10(b)(2)(A) was an integral part of the Commission's rule making and amendment process which was subject to notice and comment and is thus binding on the Court and the Defendant. *See*, *e.g.*, *General Elect. Co. v. Envtl. Protection Agency*, 290 F.3d 377 (D.C. Cir. 2002).

**II.  Legal Analysis**

Congress has limited the courts' discretion to re-sentence defendants by virtue of § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set sort in section 3553(a) to the extent they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (2007) (emphasis added).

Here, the "applicable policy statements" are those found in § 1B1.10, which provides:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A) (2008).

Atwell does not challenge Congress' authority to delegate the promulgation of sentencing guidelines to the Commission,  Congress' failure to include an intelligible principle in the Commission's 1984 enabling act, or even § 3582(c)(2)'s gap-filling provision (i.e., reliance on the "policy statements" of the Commission).  Instead, Atwell argues that § 1B1.10(b)(2)(A), by precluding courts from reducing a sentence beyond two guideline levels, constitutes an "adjudicatory decision that cannot be delegated" to the Commission.

As the Supreme Court in *Mistretta v. United States* recognized, however, "[T]he sentencing

function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch." 488 U.S. 361, 390 (1989). Indeed, Congress - not the judiciary - has long had the power to fix the sentence of a federal crime, establish minimum sentences, and otherwise limit the scope of judicial discretion with respect to sentencing. *Id*. at 364 (citing, *inter alia*, *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 5 L.Ed. 37 (1820)). While this power is importantly not without limit, *see*, *e.g.*, *Booker*, 543 U.S. 220 (2005), the Supreme Court has found - in a thorough and exhaustive decision explicitly left intact by *Booker*[2] - that Congress may delegate its authority to establish sentencing guidelines to the Commission. *Mistretta*, 488 U.S. 361, 371-72 (1989).

In delegating authority to the Commission, enacting § 3582(c)(2), and promulgating "applicable policy statements," neither Congress nor the Commission have assumed an adjudicatory role. Just as Congress may itself fix the sentencing boundaries for a particular crime and require the courts to abide by same, so too may Congress delegate to the Commission the authority to establish sentencing ranges within those boundaries. The Commission's determination to limit crack reductions to two guideline levels is consistent with the lawful delegation of that authority by Congress. 29 U.S.C. § 994(u) (2007).

---

[2] "Our holding today does not call into question any aspect of our decision in *Mistretta*. That decision was premised on an understanding that the Commission, rather than performing adjudicatory functions, instead makes political and substantive decisions...We have thus always recognized the fact that the Commission is an independent agency that exercises policymaking authority delegated to it by Congress. Nothing in our holding today is inconsistent with our decision in *Mistretta*." *Booker*, 543 U.S. 220, 242-43 (2005).

Accordingly, Defendant's Motion to Reconsider (Doc. 125) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 10, 2008.

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Randall L. Atwell

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE